# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 42** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. |
| ) | |
| **GREATER LYNN SENIOR SERVICES, INC.** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO CONFIRM AND ENFORCE ARBITRATION AWARD

### INTRODUCTION

Teamsters Local Union No. 42, a party to a collective bargaining agreement with the Greater Lynn Senior Services, brings this action to confirm and enforce an Opinion and Award issued by Arbitrator James M. Litton, Jr. on April 6, 2018 (**Exhibit A**).

### PARTIES

1. Teamsters Local Union No. 42 ("Local 42") is a labor organization with a principal office located at 96 Ford Street, Lynn, Massachusetts.

2. Greater Lynn Senior Services ("GLSS") is an employer in an industry affecting commerce with a principal office located at 330 B Lynnway, Lynn, Massachusetts.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Section 301(c) of the LMRA, 29 U.S.C. §185(c).

4. Venue is appropriate in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a).

**FACTUAL BACKGROUND**

5.   Local 42 and GLSS were/are parties to a collective bargaining agreement, effective from January 1, 2014 through December 31, 2018, that provided/provides for final and binding arbitration.

6.   On December 20, 2017, an arbitration hearing was held before Arbitrator James M. Litton, Jr. pursuant to the parties' collective bargaining agreement.

7.   As proposed by GLSS and accepted by Arbitrator Litton, one of the two issues to be determined by Arbitrator Litton was as follows:

> Did the Agency violate the collective bargaining agreement on or about June 10, 2015, when it modified the 10-minute grace period for a late arrival at work without bargaining with the Union? If so what shall be the remedy, if any?

8.   On April 6, 2018, Arbitrator Litton issued his *Opinion and Award*. In his *Opinion,* Arbitrator Litton noted that GLSS's arguments had included the following:

> Finally, the Agency argues that "in December 2016 the Agency and the Union agreed to a 5-minute grace period for late arrival at work." Specifically, it argues that "on November 3, 2016 Marie Casteneyra e-mailed Bruce Bolduc about the new time and attendance and payroll system soon to be implemented by the Agency." It argues that "the notice to the Union attached to the e-mail included, among many other things, the proposed 5-minute grace period for late arrival at work." It argues that "the parties met on November 22, 2016 to discuss the new system and proposed changes occasioned by it." It argues that Bolduc approved the notice to employees which included notification of the 5-minute grace period for an employee's late arrival to work." The Agency argues that "since the parties have reached an agreement on this 5-minute grace period, it would be inappropriate for the Arbitrator to issue a remedy reinstating the 10-minute grace period even if the Arbitrator believed the Agency somehow violated the Agreement in June of 2015 by unilaterally modifying the 10-minute grace period."

9.   Arbitrator Litton rejected the arguments of GLSS, including the argument referenced in paragraph 8, and made the following *Award* in respect to the issue quoted in paragraph 7 above:

<u>Award</u>

    1.The Agency violated the collective bargaining agreement on or about June 10, 2015, when it modified the 10-minute grace period for a late arrival at work without bargaining with the Union.…

    2.The Agency shall immediately rescind any discipline which it may have issued to bargaining unit members who arrived at work during the period between five minutes after their shift starts and 10 minutes after their shift starts, retroactive to the time of the unilateral imposition of the five-minute grace period and prospective to the time of any agreement between the parties with respect to a five-minute grace period.

10.    On May 28, 2018, GLSS notified Local 42 that it did not intend to comply with the Arbitrator Litton's *Award* to the extent that the *Award* required GLSS to rescind the 5-minute tardy rule and rescind any discipline imposed pursuant to that rule "prospective to the time of any agreement between the parties with respect to a five-minute grace period."

11.    At no time has Local 42 agreed to the five-minute grace period rule including, but not limited to, after the issuance of the *Award* of Arbitrator Litton.

#### APPLICATION TO CONFIRM AND ENFORCE AWARD

12.    The time for GLSS to have moved to vacate or modify the *Award* of Arbitrator has expired.

13.    Local 42 hereby moves for the confirmation and enforcement of the *Award* of Arbitrator Litton.

#### PRAYER FOR RELIEF

14.    Wherefore, Local 42 respectfully prays that this Honorable Court enter an Order –

    a.  Confirming the *Award* of Arbitrator Litton;

    b.  Requiring GLSS to rescind the 5-minute tardy rule and any discipline imposed pursuant to that rule "prospective to the time of any agreement between the parties with respect to a five-minute grace period;" and

      c.  Grant whatever further relief this Honorable Court deems right and just.

          Respectfully submitted,
          **TEAMSTERS LOCAL UNION NO. 42**
          By its Attorneys

          /s/ Gabriel O. Dumont, Jr.
          Gabriel O. Dumont, Jr.  BBO #137820
          **Dumont Morris and Burke, PC**
          141 Tremont Street, Suite 500
          Boston, Massachusetts 02111
          Tel (617) 227-7272
          Fax (617) 227-7025
Date: June 25, 2018        gdumont@dmbpc.net